CASE 26.—ACTION BY TRUSTEES OF COMMON SCHOOL DISTRICT NO. 54, ETC., AGAINST W. T. GIVEDEN, COUNTY SUPERINTENDENT OF HENRY COUNTY AND OTHERS.

## Gividen, County Supt., Etc., v. Trustees School District No. 54

Appeal from Henry Circuit Court.

R. F. PEAKE, Circuit Judge.

Judgment for plaintiffs, defendants appeal.—Reversed.

1. Schools and School Districts—Creation of New Districts.—Under Ky. Stats., 1903, Sec. 4427, providing that the boundary of a school district cannot be changed, unless notice in writing shall be given to the trustees of the districts to be affected, and Sec. 4437, creating the trustees of school districts a body politic and corporate, with authority to contract in their name as trustees, etc., a notice by a county superintendent of his purpose to make a new district out of territory included in existing districts, directed to the trustees of the districts affected, and served on the chairman of the respective trustees, was sufficient.

2. Same—Decision of School Officers—Review.—The determination of the cases of extreme emergency within Ky. Stats., 1903, Sec. 4428, providing that no school district established shall include less than forty-five pupil children, except in cases of extreme emergency, is confided, in the first instance, to the county superintendent, who acts judicially, and, in case he errs, an appeal may be prosecuted to the superintendent of public instruction, and when these officials have determined that an extreme emergency exists, the courts cannot inter-

fere unless the power to act did not exist for want of notice required by Sec. 4427, or unless the power was manifestly abused.

3.  Same—Ky. Stats., 1903, Sec. 4428, prohibits the establishment of school districts including less than forty-five pupil children. The county superintendent of a county created a new school district out of territory included within three existing districts. One of the existing districts had a school population of over eighty, and after the change it had forty-three pupil children within the district and three children of a resident of the district, who were outside of the district. Held that, as the domicile of the children was prima facie the domicile of the parent, the three children must be included in the census of the district, and thereby make the number of pupil children in the district more than forty-five.

TURNER & TURNER for appellant.

### AUTHORITIES CITED.

Kentucky common school laws, secs. 30, 56, 41, 65, 66, 37; Farley v. Gilbert, 24 Ky. Law Rep., 2109; also common school laws, secs. 36, 56, and Code of Practice of Kentucky, sec. 628; Howard v. Furster, 22 Ky. Law Rep., 843.

N. C. CURETON for appellee.

SANDFORD, CURETON & DOUTHETT of counsel.

### POINTS MADE AND AUTHORITIES CITED.

1.  The acts of the superintendent in changing the boundaries of appellee's district, and of Districts 6 and 45, are void, because ten days'. notice in writing was not given to the trustees thereof. If notice to the chairman of the board is a substantial compliance with the statute, which we deny, the change of the boundary of appellee's district is void, because it is admitted that no notice was given to Bragg Barton, the chairman of said district: Ky. Stats., sec. 4427; Howard, etc., v. Forester, etc., 22 Ky. Law Rep., 843; Noble, superintendent, v. White, 25 Ky. Law Rep., 1282; sec. 418, statute 1898, Wis., State ex rel. v. Graham, 60 Wis., 395; State ex rel. Bidgood v. Supervisors, etc., 113 Wis., 107; Clearfield Independent School dist., 79 Pa. State, 419.

2.  All school districts must have not less than forty-five pupil children; that is, districts established since the act of July 6,

1893, known as the school law, and the one exception to the rule is in cases of extreme emergency. On March 16, 1907, there were sixty-nine pupil children in District 54; but when its boundary was changed on that day and during that month it was left with only forty-three pupil children. A school house inconvenient to seven or eight pupils does not create an emergency as contemplated in the school law, and authorize the formation of a new district: Ky. Stats., sec. 4428; Anderson v. Green, etc., 21 Ky. Law Rep., 1439.

3. The county superintendent has no official record showing any changes in the boundaries of said districts. His attempt to change the boundary of appellee's district is void, because there is no official record of it: Ky. Stats., sec. 4429; Mouser, etc., v. Spaulding, etc., trustees, 29 Ky. Law Rep., 1071.

4. Bragg Barton having the shortest term of service as trustee of School District 54 (appellee's), was the chairman of said district board, and had never been removed or relinquished said place. The law prescribes a penalty when a trustee neglects to perform his duty, but it has never been invoked in this case: Ky. Stats., secs. 4434, 4555.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
Reversing.

This action was brought by appellee to restrain the county superintendent of schools in Henry county from changing the boundary of common school district No. 54. The facts necessary to an understanding of the points to be decided are these: District No. 54 had existed for a number of years. The number of pupil children within the district had varied from 80 to 103 for several years before the redistricting complained of. The district was about five miles long, and some two or three miles wide. Adjoining it to the north were districts Nos. 6 and 45. The superintendent gave notice in writing to the trustees of the three districts named of his purpose to make a new district out of parts of the three. The parties interested appeared before the superintendent, who heard the

reasons in favor of creating a new district, as well as the protests against it. His conclusion was that the interest of the children within the territory affected required the creation of the new district, and consequently determined to make it. Whereupon this action was filed by appellees, and an injunction obtained restraining the superintendent from carrying his decision into effect. The two grounds relied upon by appellees are (1) that the notice required by the statute was not given; and (2) that the change would leave district No. 54 with less than 45 pupil children.

Section 4427, Ky. St. 1903, provides that the boundary of a district shall not be changed unless 10 days' notice in writing shall first be given to the trustees of other districts to be affected thereby. The notices in this case were directed to the trustee of the respective districts, and were served upon the respective chairmen of the boards. By section 4437 of the statutes the trustees of school districts are created a body politic and corporate. They contract in their name as trustees, and are sued and sue, and are proceeded against in that style. The notice is not to the individual trustees, but to the body corporate. It was properly served upon the chairmen of the boards, and was not necessary to have been served upon each individual member. Like other bodies corporate, a service upon the chief executive is deemed sufficient. Section 4428 of the statutes provides in part: "No district hereafter established shall include less than forty-five pupil children except in cases of extreme emergency." It is claimed by appellees that this provision of the statutes was violated in two particulars in the action of the superintendent—one in that it left district No. 54 with less than 45 pupil children; and the other in that there was no extreme emergency for

his action. It will be noticed that 45 pupil children
is fixed as the minimum to authorize the creation of
a school district, but the exception provided in the
statute shows that a less number may constitute a dis-
trict. The case of extreme emergency justifying the
adoption of a less number is not specified in the stat-
ute. Nor does the statute expressly confide the de-
cision of the matter to any particular tribunal. But
we are of opinion that the purpose of the Legislature
was to leave the government of school districts to the
department of education. An elaborate and compre-
hensive system is provided. Over it all is the Super-
intendent of Public Instruction, who is authorized to
prescribe rules and regulations for carrying the pur-
pose of the Legislature into effect. A board of edu-
cation, composed of the Superintendent of Public In-
struction, Secretary of State, and Attorney General,
is made the head of the educational system of the
State so far as its public schools are concerned. The
county superintendent is put in control of the various
common schools of the county, and the trustees are
put in charge of the interests of their respective dis-
tricts. The determination of the cases of extreme
emergency intended by the statute to apply must have
been intended to be left to some or all of these officials.
We are of opinion that it is confided in the first
instance to the county superintendent. He acts
judicially in the matter in a sense. He must exercise
a judgment and discretion based upon his knowledge
of the situation and the particular qualifications which
he may possess for the discharge of the duties of his
office. Should he err in the exercise of his judgment,
an appeal may be prosecuted to the Superintendent
of Public Instruction. When these officials have deter-
mined that an extreme emergency does exist, it must

be a rare case when the courts would be authorized to interfere with their exercise of judgment in the matter. When the courts interfere at all, we think it must be upon the ground either of a lack of power in the official, or in its manifest abuse. The lack of power would exist where the county superintendent acted without notice, as was held in Anderson, Superintendent v. Green, etc. 55 S. W. 420, 21 Ky. Law Rep. 1439, or acted at a time prohibited by the statute. Section 4427, Ky. St. 1903. The abuse of the power must be such act as is corrupt, or from such lack of consideration as clearly indicates a failure to hear both sides, or a failure to exercise judgment. Under the facts of this case, we cannot say that either of the conditions above alluded to existed. Indeed, the contrary appears to be the truth. The superintendent seems to have exercised a fair judgment, to have heard patiently, and considered carefully, the views of the different factions. Nor are we prepared to say from the record that his decision was not correct.

It is conceded that the district after the change contained 43 pupil children. One Lindsey, a resident of the district, had three children within the school age at the time of the change. His children, however, were outside of the district, and had been for some year or so. There is nothing in the record to show that their homes had been permanently fixed at points outside the district. Prima facie the. domicile of the father of an infant is the infant's domicile. These children would have had the legal right at any time upon returning to their father's home to have attended this school. Consequently they ought to have been included in the census for that district. This would have made the number of pupil children in the

district more than 45. The judgment of the circuit court declared that the action of the superintendent was void. We are unable to concur in this conclusion on any ground.

Consequently the judgment must be reversed, and cause remanded, with directions to dismiss the petition.